Submitted on the record and brief July 26, accused disbarred September 20, 1988

# In re Complaint as to the Conduct of
# JERRY W. HENDRICKS,
*Accused.*

## (OSB 87-37; SC S34034)

761 P2d 519

Susan K. Roedl, Assistant Disciplinary Counsel, Portland, filed a brief on behalf of the Oregon State Bar.

No appearance contra.

PER CURIAM

## PER CURIAM

The Oregon State Bar filed a Formal Complaint against the accused on August 21, 1987. The accused answered on September 15, 1987. A Trial Panel was duly appointed and a hearing was held on January 19, 1988, at which the accused appeared by telephone. The Bar and the accused stipulated to the facts alleged in the Bar's complaint and further stipulated that the facts, as alleged, constituted violations of the statutes and standards of professional conduct as charged by the Bar. The Trial Panel established March 1, 1988, as the date for a dispositional hearing on the matter.

Bar counsel submitted a Memorandum Regarding Disposition. The accused did not file a memorandum and did not otherwise appear at the March 1, 1988, dispositional hearing.

Pursuant to the stipulation of the parties, in its Findings and Conclusions the Trial Panel found the accused guilty of all statutory and disciplinary rule violations charged by the Bar. The Trial Panel imposed the sanction of disbarment.

Because the recommended sanction is one other than a reprimand or suspension for 60 days or less, ORS 9.536(2) and BR 10.1 require this court to review the matter. The accused did not file either a petition or an opening brief pursuant to BR 10.5(a) and (b). This matter is now before this court for *de novo* review pursuant to ORS 9.536(3) and BR 10.6, based upon the Bar's petition for review and supporting brief.

## FACTS

■ The Trial Panel determined the following facts, which the accused did not contest. The accused stipulated to the facts alleged by the Bar in its Formal Complaint, in which the Bar described the accused's indictment, conviction and sentencing. On January 15, 1987, a federal Superseding Indictment was filed against the accused, alleging that the accused had: (1) engaged in a conspiracy to defraud the United States by impeding, impairing, obstructing and defeating the lawful function of the Internal Revenue Service (IRS) in its ascertainment, computation, assessment and collection of federal income taxes in violation of 18 USC section 371; (2) aided and advised in the preparation and presentation to the

IRS tax forms that were materially false, in violation of 26 USC section 7206(2); and (3) caused this scheme to be executed by delivery through the United States mail, in violation of 18 USC sections 1341 and 1342. On March 3, 1987, the accused was found guilty of these crimes. On April 5, 1987, United States District Judge William A. Ingram imposed upon the accused a two-year prison sentence and ordered the accused to pay $18,000 toward the cost of prosecution. Judge Ingram further imposed a suspended sentence and placed the accused on probation for five years, to commence upon his release from custody.

## VIOLATIONS OF DISCIPLINARY RULES AND STATUTES

The Bar has established by clear and convincing evidence that the accused's misconduct violated numerous statutes and standards governing an attorney's professional responsibility. The accused stipulated that he violated the following disciplinary rules and statutes:

1. Current DR 1-102(A)(2) (former DR 1-102(A)(3)), which provides:

"It is professional misconduct for a lawyer to:

"(2)   Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law[.]"

2. Current DR 1-102(A)(3) (former DR 1-102(A)(4)), which provides:

"It is professional misconduct for a lawyer to:

"(3)   Engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

3. ORS 9.460(1), which provides:

"An attorney shall:

"(1)   Support the Constitution and laws of the United States and of this state[.]"

4. ORS 9.527(1), (2) and (5), which provide:

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that:

"(1)   The member has committed an act or carried on a course of conduct of such nature that, if the member were

applying for admission to the bar, the application should be denied;

"(2) The member has been convicted in any jurisdiction of an offense which is a misdemeanor involving moral turpitude or a felony under the laws of this state, or is punishable by death or imprisonment under the laws of the United States, in any of which cases the record of the conviction shall be conclusive evidence;

"* * * * *

"(5) The member is guilty of wilful violation of any of the provisions of ORS 9.460 or 9.510[.]"

The Bar has established by clear and convincing evidence, and the accused has stipulated, that the accused engaged in conduct that violated current DR 1-102(A)(2) (former DR 1-102(A)(3)); current DR 1-102(A)(3) (former DR 1-102(A)(4)); ORS 9.460(1); and ORS 9.526(1), (2) and (5).

## SANCTION

■ Disbarment is the only appropriate sanction under the facts and circumstances of this case. The accused has been convicted on multiple felony counts involving fraud, demonstrating that he wilfully and knowingly violated his duty to uphold the laws of the United States. His misconduct inflicted a serious injury to the United States Government and the 1,382 taxpayer/investors who participated in his tax shelter scheme. The accused has not presented any evidence of mitigating circumstances, but several aggravating circumstances are present, including the fact that the accused was suspended from the practice of law for 60 days in 1978 for ethical misconduct involving borrowing money from clients. *See In re Hendricks*, 282 Or 763, 580 P2d 188 (1978). These factors clearly establish that disbarment is appropriate in this matter.

The accused is disbarred from the practice of law in this state.